ELLEN F. ROSENBLUM
Attorney General
ANDREW HALLMAN  #083480
Assistant Attorney General
NATHAN RIEMERSMA #164699
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Andrew.Hallman@doj.state.or.us
         Nathan.K.Riemersma@doj.state.or.us

Attorneys for Defendants Anderson, Bowden, Brown, Coffey, Corey, Cram, DiGiulio, Garza,
Kelly, McCullough, ODOC, Peters, Stedronsky-Soward, and Thomason

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHEN BROWN, as Personal Representative of the Estate of MICHAEL BARTON, deceased,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF OREGON aka OREGON DEPARTMENT OF CORRECTIONS; CHRISTOPHER DiGUILIO, M.D.; DAVE BROWN, R.N.; COLETTE PETERS; BRANDON KELLY; CARRIE COFFEY, R.N.; APRIL STEDRONSKY-SOWARD, R.N.; MARIAH MCCULLOUGH, R.N.; MARY COREY, R.N.; REBECCA GARZA, L.P.N.; MARGEUX BOWDEN; RALPH THOMASON; MIKE ANDERSON; ARTHUR CRAM; and DOES 1-20, | Case No.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)<br><br><br>(FEDERAL QUESTION) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:**

Defendants Michael Anderson, Margeux Bowden, Dave Brown, Carrie Coffey, Mary Corey, Arthur Cram, Christopher DiGiulio, Rebecca Garza, Brandon Kelly, Mariah McCullough, Oregon Department of Corrections, Colette Peters, April Stedronsky-Soward, and Ralph Thomason respectfully petition for removal of *Brown v. State of Oregon, et. al.*, Marion County Circuit Court Case No. 20CV04714 to the United States District Court for the District of Oregon.  In support of this petition, defendants allege as follows:

1.     On or about January 24, 2020, Stephen Brown, as Personal Representative of the Estate of Michael Barton, deceased ("Plaintiff") commenced an action against Defendants in the Circuit Court of the State of Oregon for the County of Marion entitled *Stephen Brown, as Personal Representative of the Estate of Michael Barton, deceased v. State of Oregon aka Oregon Department of Corrections; Christopher DiGuilio, M.D.; Dave Brown, R.N.; Colette Peters; Brandon Kelly; Carrie Coffey, R.N.; April Stedronsky-Soward, R.N.; Mariah McCullough, R.N.; Mary Corey, R.N.; Rebecca Garza, L.P.N.; Margeux Bowden; Ralph Thomason; Mike Anderson; Arthur Cram; and Does 1-20*, Marion County Circuit Court Case No. 20CV04714.  Copies of the Summons and Complaint are attached to this petition collectively as Exhibit A.  Plaintiff's counsel requested waiver of service on January 27, 2020.

2.     This case is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. §1331, because it alleges claims under 42 U.S.C. § 1983 and other federal statutes and is one that can be removed to this Court pursuant to the provisions of 28 U.S.C. §1441 and §1443 because plaintiff has alleged claims under the laws of the United States.

3.     Thirty days have not passed since the receipt by defendants of this pleading. Accordingly, 28 U.S.C. §1446(b) has been complied with.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

WHEREFORE, defendants respectfully request that this action now pending against them in the Circuit Court in the State of Oregon for the County of Marion be removed from that Court to the United States District Court for the District of Oregon.

DATED February   18   , 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_s/ Andrew Hallman_
ANDREW HALLMAN #083480
Assistant Attorney General
NATHAN RIEMERSMA #164699
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Andrew.Hallman@doj.state.or.us
Nathan.K.Riemersma@doj.state.or.us
Of Attorneys for  Anderson, Bowden, Brown,
Coffey, Corey, Cram, DiGiulio, Garza, Kelly,
McCullough, ODOC, Peters, Stedronsky-
Soward, and Thomason

Page 3 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)
AH/ls8/10102982-v1

1

2

3

4

5

6

7              IN THE CIRCUIT COURT OF THE STATE OF OREGON

8                    FOR THE COUNTY OF MARION

9

10   STEPHEN BROWN, as Personal            Case No.  **20CV04714**
     Representative of the Estate of
11   MICHAEL BARTON, deceased,
                                           COMPLAINT
12                          Plaintiff,
          vs.                              Negligence, Negligence Per Se,
13                                         Violations of Civil Rights (42 USCA
     STATE OF OREGON aka OREGON            1983), Wrongful Death, Disability
14   DEPARTMENT OF CORRECTIONS;            Discrimination, Spoliation
     CHRISTOPHER DiGUILIO, M.D.; DAVE
15   BROWN, R.N.; COLETTE PETERS;          Plaintiff demands trial by jury
     BRANDON KELLY; CARRIE COFFEY,         (Not Subject to Mandatory Arbitration)
16   R.N.; APRIL STEDRONSKY-SOWARD,
     R.N.; MARIAH MCCULLOUGH, R.N.;        Amount Claimed: $15,000,000
17   MARY COREY, R.N.; REBECCA GARZA,      Fee Authority: ORS 21.160(1)(c)
     L.P.N.; MARGEUX BOWDEN; RALPH
18   THOMASON; MIKE ANDERSON;
     ARTHUR CRAM; and DOES 1 - 20,
19
                          Defendants.
20

21        Plaintiff, through counsel, alleges as follows:

22                 **FACTS COMMON TO ALL CLAIMS**

23                              **1.**

24        Stephen Brown is Michael Barton's brother and has been appointed as personal

25   representative of Michael Brown's estate with full powers.

26   ////

Page 1 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

**2.**

The Oregon State Penitentiary (or "the prison") is located at 2605 State Street in Salem, Oregon.

**3.**

The State of Oregon and Oregon Department Of Corrections(or "DOC") are responsible for the healthcare system at the Oregon State Penitentiary.

**4.**

Defendants Diguilio, Brown, Peters, Kelly, and Coffey and DOES 1-20 are executives, managers, or administrators who determine policy custom, and practice at the prison, including policies that relate to the monitoring and care of inmates; the location of the infirmary; retention of information about reasonably likely legal claims; staffing levels; flu shot administration; and training for prison personnel who work with mentally ill inmates.

**5.**

Defendants Coffey, Stedronsky-Soward, Bailey, McCullough, Corey, Garza, Bowden, Thomason, Anderson, Cram and DOES 1-20 were responsible for monitoring and providing medical care to Michael Barton.

**6.**

DOES 1-20 are entities or individuals that are presently unknown to plaintiff, but that were involved in the medical care or monitoring of Michael Barton, in deciding when he should receive care and/or what kind care he should receive, and/or in establishing policies or in hiring or training practices that led to his death.

**7.**

These defendants acted under color of state law and deprived Michael Barton of rights secured by the Constitution or by federal statute.

**8.**

Since April 27, 2017, decedent Michael Barton had been an inmate at the

Page 2 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1  Oregon State Penitentiary with a scheduled release date of November 1, 2020.  During

2  his incarceration, Michael Barton was transferred to Intermediate Care Housing  (or

3  "ICH") at the Oregon State Penitentiary due to his having been diagnosed with anxiety,

4  bi-polar disorder, depression, brain injury, confusion, hallucinations, and other mental

5  health conditions.  His mental health conditions caused him to experience difficulty

6  with daily tasks as simple as turning off the water faucet in his cell or opening his

7  unlocked cell door.

8                                                    **9.**

9         In January 2018, Michael Barton developed symptoms of influenza for which

10  he sought medical treatment at the Oregon State Penitentiary.  Michael Barton relied

11  on the agents of the State of Oregon, including its guards, doctors, and nurses for his

12  access to care.  He had no freedom to contact providers outside the prison, and little

13  capacity to provide for his own care.  Upon information and belief, Michael Barton did

14  not receive influenza virus inoculations during 2017 or 2018.

15                                                  **10.**

16         During January and early February 2018, Michael Barton's symptoms became

17  worse.  His influenza became diffuse pneumonia, and he developed fatigue, weakness,

18  chills, sweats, dizziness, he coughed up sputum, his skin turned grey, and he developed

19  diffuse swelling and discoloration of his entire right arm, shoulder, hand, and other

20  appendages.

21                                                  **11.**

22         As Michael Barton's influenza progressed to diffuse pneumonia, medical

23  personnel at the prison found that his left lung had "significantly diminished lung

24  sounds throughout."  He was also noted to have ineffective airway exchange, low

25  blood oxygen levels, and blood pressure 30 - 40 points below baseline.  More than a

26  gallon of purulent fluid (a.k.a. pus) was accumulating in his left lung. His desperate

Page 3 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

1    requests to be admitted into the infirmary were denied.

2                                **12.**

3        Michael Barton became too weak to walk, to stand, or to get out of his bed

4    without assistance.  He collapsed while prison personnel, including medical

5    professionals, were present.  He repeatedly wept and begged prison personnel to be

6    admitted to and treated in the infirmary, but his entreaties were denied and so were the

7    entreaties of others who observed his condition.  Michael Barton believed, and told

8    prison personnel, that the water in his prison cell caused him to become dizzy and to

9    suffer other problems.  One stated basis for refusing to admit him to the prison

10    infirmary was that he was so ill that he would make other people sick as well.  A post-

11    mortem internal investigation by the DOC found that admitting Michael Barton would

12    have allowed monitoring of and intervention for his life-threatening conditions, but

13    that the infirmary at the prison was "extremely ill-constructed for admitted influenza

14    patients…".

15                                **13.**

16        His weakened condition prevented him from drinking water or other fluids,

17    from eating, and from taking medicine for his mental and physical conditions. Trays of

18    uneaten food accumulated in his cell. Despite knowing of his weakened condition and

19    diagnosed pneumonia, prison personnel failed to enter his cell to take vital signs during

20    days when his health was collapsing and his life was in danger.  During this time,

21    prison personnel directed an inmate assistant to desist from trying to help Mr. Barton

22    drink water that he needed to take medications.

23                                **14.**

24        By this time, Michael Barton had developed influenza, pneumonia, and sepsis

25    (or bacterial infection of the blood).  Rather than providing emergency treatment for

26    these conditions, prison personnel who knew about Mr. Barton's cognitive limitations

Page 4 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
1983), Wrongful Death, Disability Discrimination, Spoliation

1    interpreted his despair and lifelessness as defiance, and denied him care.

2                                    **15.**

3         On February 5, 2018, Michael Barton was transported by emergency medical

4    services to the Salem Health Emergency Department (or "emergency department").

5    Paramedics who treated and transported Michael Barton told hospital personnel that

6    Michael Barton had experienced flu-like symptoms, fatigue, and weakness for the

7    prior three weeks.  He had become unconscious and incontinent, which was witnessed

8    by prison staff. According to the paramedics, Mr. Barton "had not received CPR or

9    medication when they arrived."

10                                   **16.**

11        When he arrived at the emergency department at or about 9:13 a.m., Michael

12   Barton was barely alive. He had "bilateral breath sounds, diminished on the left", and

13   was diagnosed with conditions including cardiac arrest, septic shock, acute kidney

14   failure, poor neurological function, mottled color of his left leg down to his toes, and

15   deep vein thrombosis.  An x-ray showed a "complete white out" of his left lung and the

16   surrounding area, which indicated a "large volume pleural effusion with left to right

17   shift of the midline structures."  A chest tube was placed and the surgical incision

18   resulted in the drainage of "copious purulent fluid," ultimately more than a gallon.

19                                   **17.**

20        On February 6, 2018, Michael Barton was extubated and pronounced dead at

21   7:31 p.m.  He was 54 years old. His cause of death was determined to be influenza B,

22   leading to pneumonia, leading to staff infection, leading to sepsis, leading to severe

23   septic shock, leading to cardiac arrest, leading to anorexic brain and multisystem

24   injury, leading to multisystem failure with severe anorexic brain injury.

25   ////

26                                   **18.**

Page 5 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

A "Death Report" by the DOC was completed by February 9, 2018 and a "Mortality Case Review" was completed on February 7, 2018. The report concluded that (a) Michael Barton repeatedly had abnormal vital signs after the diagnoses of pneumonia; (b) "more and earlier intervention on multiple visits with multiple staff" may have saved Michael Barton's life; (c) orthostatic vital signs were never taken; (d) Michael Barton's inability to get up from his bed was misinterpreted as a refusal to get up; (e) Michael Barton's mental illness may have confused or distracted his care providers; (f) prison personnel did not enter the cell for three days to evaluate Michael Barton or to take his vital signs; (g) the infirmary was extremely ill-constructed for admitting influenza patients ; (h) "system failure" led prison personnel to experience mental fatigue and numbing and throughly compromised the care of inmates. .

## FIRST CLAIM FOR RELIEF

### (Negligence – wrongful death)

### 19.

Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

### 20.

Defendants, while acting within the course and scope of their duties within the Oregon Department of Corrections, were negligent in one or more of the following particulars:

a. Failing to use reasonable care to provide Michael Barton healthcare while he was under their supervision as an inmate;

b. Failing to provide prompt medical attention to Michael Barton's serious medical needs;

c. Failing to monitor whether that prescribed medications were being successfully administered or, in the alternative, failing to administer prescribed medications by alternative methods such as by IV;

Page 6 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1     d.  Failing to take reasonable preventative measures to address Michael

2         Barton's illnesses and death;

3     e.  Failing to provide appropriate staff responses to Michael Barton's

4         conditions;

5     f.  Failing to provide appropriate housing and care for Michael Barton;

6     g.  Failing to timely diagnose Michael Barton's illnesses;

7     h.  Failing to accurately diagnose Michael Barton's illnesses;

8     i.  Failing to take orthostatic vital signs;

9     j.  Failing to react reasonably to Michael Barton's abnormal vital signs;

10     k.  Providing a prison infirmary extremely ill-constructed for monitoring and

11         treating inmates with influenza, pneumonia, and sepsis;

12     l.  Given the inadequacy of the infirmary, in failing either to heighten in-cell

13         monitoring and care for Mr. Barton or to refer him for treatment at another

14         facility;

15     m. Failing to admit Michael Barton into the prison infirmary or to otherwise

16         elevate the amount of care he received, when his condition reasonably

17         required doing so;

18     n.  Failing to commence CPR while Michael Barton was in cardiac arrest;

19     o.  Failing to sustain CPR while Michael Barton was in cardiac arrest;

20     p.  Failing to administer AED shocks while Michael Barton was in cardiac

21         arrest;

22     q.  Failing to accurately convey Michael Barton's medical condition and the

23         treatment he had received before EMS arrived to paramedics;

24     r.  Failing to provide reasonable staffing levels to prevent staff fatigue and

25         numbing;

26     s.  Failing to create, enact, and enforce policies to use reasonable care in

Page 7 -  COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1        providing healthcare to Michael Barton while he was under their supervision

2        as an inmate;

3     t.  Failing to hire and train employees to use reasonable care in providing

4        healthcare to Michael Barton while he was under their supervision as an

5        inmate;

6     u.  Failing to provide reasonable training and/or supervision for dealing with

7        inmates with significant mental conditions; and

8     v.  Failing to provide Michael Barton with influenza virus inoculation.

9                      **21.**

10   As result of defendant's negligence, Michael Barton suffered serious prolonged

11  injury and death. Michael Barton's serious injury and death were a reasonably

12  foreseeable result of defendant's negligence. As compensation for Michael Barton's

13  suffering and death, plaintiff should recover an amount for non-economic damages to

14  be decided by the jury not to exceed $10,000,000.

15                     **22.**

16   Further, defendants acted with reckless and outrageous indifference to a highly

17  unreasonable risk of harm and acted with conscious indifference to the health, safety

18  and welfare of others. If the case remains in Oregon State Courts, plaintiff will amend

19  this complaint to seek $10,000,000 in punitive damages for this claim.

20           **SECOND CLAIM FOR RELIEF**

21              **(Negligence Per Se)**

22                  **23.**

23  Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

24                  **24.**

25   The prison was and is governed by federal and state statutes and administrative

26  rules. Oregon administrative rules require prisons to develop policies for the

Page 8 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1  organization and coordination of healthcare for their inmates.

2                                      **25.**

3  The Department of Corrections violated the following administrative rules:

4  a.       Oregon Administrative Rule 291-24-016 (1)(a);

5  b.       Oregon Administrative Rule 291-24-016 (1)(b);

6  c.       Oregon Administrative Rule 839-006-0291;

7  d.       Oregon Administrative Rule 839-006-0270;

8  Michael Barton was within the class of persons intended to be protected by the

9  above-cited provisions. In suffering prolonged influenza, pneumonia, sepsis, renal

10 failure, and death, Michael Barton suffered the kind of harm that the above-cited

11 provisions were intended to prevent.

12                                     **26.**

13 As result of defendants' violation of these rules, Michael Barton suffered serious

14 injury and death. Michael Barton's serious injury and death were a reasonably

15 foreseeable result of defendant's negligence. As compensation for Michael Barton's

16 suffering and death, plaintiff should recover an amount for non-economic damages to

17 be decided by the jury not to exceed $10,000,000.

18                                     **27.**

19 Further, defendants acted with reckless and outrageous indifference to a highly

20 unreasonable risk of harm and acted with conscious indifference to the health, safety

21 and welfare of others. Plaintiff hereby provides notice that he will move to amend this

22 complaint to seek $10,000,000 in punitive damages.

23                        **THIRD CLAIM FOR RELIEF**

24 **(Civil Rights- 8th Amendment, 14th Amendment and 42 USC 1983-Wrongful Death)**

25                                     **28.**

26 Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

Page 9 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**29.**

Defendants were deliberately indifferent to Michael Barton's rights under the 8th and 14th amendments of the U.S. Constitution. Defendants knew that Mr. Barton relied on them for his access to vitally needed medical treatment. Defendants further knew that Mr. Barton had been diagnosed as delusional, as having hallucinations and other cognitive and mental health conditions. Finally, defendants knew that Mr. Barton had been diagnosed with influenza and pneumonia, and that he had the abnormal vital signs and symptoms for septic shock and kidney failure. Despite this, defendants refused to provide adequate medical care to address these conditions and to prevent his death.

**30.**

Specifically, despite having such knowledge, defendants were deliberately indifferent to Michael Barton's serious illness in the following particulars:

    a.  Failing to use reasonable care to provide Michael Barton healthcare while he was under their supervision as an inmate;

    b.  Failing to provide prompt medical attention to Michael Barton's serious medical needs;

    c.  Failing to determine that prescribed medications were being successfully administered or, in the alternative, failing to administer prescribed medications by alternative methods such as by IV;

    d.  Failing to take reasonable preventative measures to address Michael Barton's illnesses and death;

    e.  Failing to provide appropriate staff responses to Michael Barton's conditions;

    f.  Failing to provide appropriate housing and care for Michael Barton;

    g.  Failing to timely diagnose Michael Barton's illnesses;

Page 10 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1    h.   Failing to accurately diagnose Michael Barton's illnesses;

2    i.   Failing to take orthostatic vital signs;

3    j.   Failing to react reasonably to Michael Barton's abnormal vital signs;

4    k.   Providing a prison infirmary extremely ill-constructed for monitoring and

5        treating inmates with influenza, pneumonia, and sepsis;

6    l.   Given the inadequacy of the infirmary, in failing either to heighten in-cell

7        monitoring and care for Mr. Barton or to refer him for treatment at another

8        facility;

9    m.  Failing to admit Michael Barton into the prison infirmary or to otherwise

10      elevate the amount of care he received, when his condition reasonably

11      required doing so;

12    n.   Failing to commence CPR while Michael Barton was in cardiac arrest;

13    o.   Failing to sustain CPR while Michael Barton was in cardiac arrest;

14    p.   Failing to administer AED shocks while Michael Barton was in cardiac

15      arrest;

16    q.   in failing to accurately convey Michael Barton's medical condition and the

17      treatment he had received before EMS arrived to paramedics;

18    r.   Failing to provide reasonable staffing levels to prevent staff fatigue and

19      numbing;

20    s.   Failing to create, enact, and enforce policies to use reasonable care in

21      providing healthcare to Michael Barton while he was under their supervision

22      as an inmate;

23    t.   Failing to hire and train employees to use reasonable care in providing

24      healthcare to Michael Barton while he was under their supervision as an

25      inmate;

26    u.   Failing to provide reasonable training and/or supervision for dealing with

Page 11 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1    inmates with significant mental conditions; and

2    v.  Failing to provide Michael Barton with influenza virus inoculation.

3    **31.**

4    Defendants' acts and omissions, as set forth above, were the real and proximate

5    cause of Michael Barton suffering a prolonged and intense illness, and of his death.

6    His influenza and pneumonia were treatable with consistent use of medications and

7    with other care. Without such care, his deteriorating condition and death were

8    reasonably foreseeable to defendants. Michael Barton's estate is entitled to

9    $10,000,000 to compensate for his suffering and death.

10    **32.**

11    Defendants also acted with reckless and outrageous indifference to a highly

12    unreasonable risk and acted with conscious indifference to Mr. Barton's health, safety

13    and welfare. As a result, Michael Barton's estate is entitled to punitive damages of

14    $10,000,000.

15    **33.**

16    Plaintiff is also entitled to recover his costs and reasonable attorney fees.

17    **FOURTH CLAIM FOR RELIEF**

18    **(Civil Rights- 8th Amendment, 14th Amendment and 42 USC 1983-Wrongful**

19    **Death -Supervisor  Claims)**

20    **34.**

21    Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

22    **35.**

23    Defendants State of Oregon, Oregon Department of Corrections, DiGuilo, Brown,

24    Peters, Kelly, Coffey, Bowden and Does 1-20 (or "supervisor defendants") made

25    policy for, managed, and/or supervised personnel who were involved in the monitoring

26    and treatment of Michael Barton. Michael Barton was deprived of his legal rights as

Page 12 -  COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
        1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1    alleged herein due to the policies, customs, or practices established or sustained by

2    these defendants.

### 36.

4    The supervisor defendants were aware of such conditions as the inadequate prison

5    infirmary, and were responsible for hiring and training employees to use reasonable

6    care in providing healthcare to Michael Barton. The supervisor defendants knew or

7    should have known that failure to hire and train employees to use reasonable care in

8    providing healthcare to Michael Barton would cause his serious injury or death.

9    Despite this knowledge, the supervisor defendants engaged in acts and omissions

10   based on deliberate indifference in one or more of the following respects:

11   a.    Failing to use reasonable care in providing Michael Barton healthcare

12        while he was under their supervision as an inmate;

13   b.    Failing to provide adequate facilities, including an infirmary that was not

14        "extremely inadequate" for the monitoring and care of Michael Barton as

15        an inmate;

16   c.     Failing to create, enact, and enforce policies to use reasonable care in

17        providing healthcare to Michael Barton while he was under their

18        supervision as an inmate;

19   d.    Failing to hire and train employees or contractors to use reasonable care

20        in providing healthcare to Michael Barton while he was under their

21        supervision as an inmate;

22   e.     Failing to hire and train employees or contractors to recognize medical

23        emergencies;

24   f.    Failing to obtain a medical examination by a trained physician to

25        evaluate Michael Barton's serious illness;

26   g.     Failing to establish policies so that seriously ill inmates would be

Page 13 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
      1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

EXHIBIT A, Page 13 of 21

1    admitted to the infirmary;

2    h.    Failing to establish policies so that seriously ill inmates with mental

3    health issues are provided with reasonable help to take their medications

4    for their mental and physical health; and

5    i.    Failing to establish policies so that Michael Barton would receive the

6    vaccine.

7    **37.**

8    The supervisor defendants were aware that failure to hire, train, and to establish

9    reasonable policies as set forth above created a substantial risk of harm to Michael

10    Barton and other inmates.

11    **38.**

12    Further, defendants acted with reckless and outrageous indifference to a highly

13    unreasonable risk of harm and acted with conscious indifference to the health, safety

14    and welfare of others. Plaintiff will have to amend this complaint to seek $10,000,000

15    in punitive damages.

16    **39.**

17    The supervisor defendants also acted with reckless and outrageous indifference

18    to a highly unreasonable risk and acted with conscious indifference to Mr. Barton's

19    health, safety and welfare. As a result, Michael Barton's estate is entitled to punitive

20    damages of $10,000,000.

21    **40.**

22    Plaintiff is entitled to recover his costs and attorney fees.

23    **FIFTH CLAIM FOR RELIEF**

24    **(Disability Discrimination- 42 U.S.C. §12131-12134 et seq. and 29 U.S.C. § 794**

25    **Section 504 of the Rehabilitation Act)**

26

Page 14 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
1983), Wrongful Death, Disability Discrimination, Spoliation

**41.**

Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

**42.**

Plaintiff brings this claim to enforce Title II of the Americans with Disabilities Act of 1990, as amended ("Title II" and "ADA"), 42 U.S.C. §§ 12131-12134; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and their implementing regulations, 28 C.F.R Parts 35 and 42.

**43.**

The Oregon Department of Corrections, their agents, subcontractors, and independent contractors, are public entities as that term is defined under 42 U.S.C. § 12131(1) and are subject to Section 504 of the Rehabilitation Act.

**44.**

Michael Barton was a disabled individual under the care of the Oregon Department of Corrections.

**45.**

Michael Barton sought and was denied reasonable medical care to Oregon Department of Corrections policies, practices and procedures.

**46.**

Defendant Oregon Department of Corrections did not provided proper medical care to Michael Barton.

**47.**

Defendant Oregon Department of Corrections violated 42 U.S.C. §§ 12132; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and its implementing regulations by committing the following discriminatory acts or practices:

    a.    Failing to use reasonable care to provide Michael Barton healthcare while he was under its supervision as an inmate;

Page 15 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

b.   Failing to provide reasonable modifications of the department's policies, practices or procedures in order to properly care for Mr. Barton;

c.   Failing to monitor whether that prescribed medications were being successfully administered or, in the alternative, failing to administer prescribed medications by alternative methods such as by IV;

d.   Failing to take reasonable preventative measures to address Michael Barton's illnesses and death;

e.   Failing either to heighten in-cell monitoring and care for Mr. Barton or to refer him for treatment at another facility;

f.   Failing to provide appropriate staff responses to Michael Barton's conditions;

g.   Failing to provide appropriate housing and care for Michael Barton;

h.   Providing a prison infirmary extremely ill-constructed for monitoring and treating inmates with influenza, pneumonia, and sepsis;

i.   Failing to admit Michael Barton into the prison infirmary or to otherwise elevate the amount of care he received, when his condition reasonably required doing so;

j.   Failing to create, enact, and enforce policies to use reasonable care in providing healthcare to Michael Barton while he was under its supervision as an inmate;

k.   Failing to hire and train employees to use reasonable care in providing healthcare to Michael Barton while he was under its supervision as an inmate;

l.   Failing to provide Mr. Barton with information about access to accessible services or modifications to accessible services; and

m.   Failing to provide Mr. Barton with the flu vaccine.

Page 16 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

**48.**

Michael Barton suffered and died as a result of defendant's discriminatory conduct.

**49.**

Defendant's conduct was carried out with wanton, conscious, reckless, and outrageous disregard for Mr. Barton's civil rights, mental welfare, and physical welfare.

**50.**

Mr. Barton's estate is entitled to compensatory damages in the amount of $10,000,000, as well as attorney fees and litigation costs pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 35.175.

## SIXTH CLAIM FOR RELIEF

### (Disability Discrimination- ORS 659A.142)

**51.**

Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

**52.**

Mr. Barton had a mental impairment that substantially limited one or more of his major life activities.

**53.**

The Oregon Department of Corrections, their agents, subcontractors, and independent contractors, are public entities as that term in defined under ORS 659.142A(1) and ORS 174.111.

**54.**

Michael Barton was a disabled individual under the care of the Oregon Department of Corrections.

**55.**

Michael Barton sought and was denied reasonable medical care to Oregon

Page 17 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1  Department of Corrections policies, practices and procedures.

2                                          **56.**

3        Defendant Oregon Department of Corrections did not provide proper medical

4  care to Michael Barton.

5                                          **57.**

6        Defendant DOC violated ORS 659A.142, OAR 291-24-016 (1)(a), OAR 291-24-

7  016 (1)(b), OAR 839-006-0291, and OAR 839-006-0270 in the following ways:

8        a.    Failing to use reasonable care to provide Michael Barton healthcare while

9              he was under its supervision as an inmate;

10       b.    Failing to provide reasonable modifications of the department's policies,

11             practices or procedures in order to properly care for Mr. Barton;

12       c.    Failing to determine that prescribed medications were being successfully

13             administered or, in the alternative, failing to administer prescribed

14             medications by alternative methods such as by IV;

15       d.    Failing to take reasonable preventative measures to address Michael

16             Barton's illnesses and death;

17       e.    Failing either to heighten in-cell monitoring and care for Mr. Barton or to

18             refer him for treatment at another facility;

19       f.    Failing to provide appropriate staff responses to Michael Barton's

20             conditions;

21       g.    Failing to provide appropriate housing and care for Michael Barton;

22       h.    Providing a prison infirmary extremely ill-constructed for monitoring and

23             treating inmates with influenza, pneumonia, and sepsis;

24       i.    Failing to admit Michael Barton into the prison infirmary or to otherwise

25             elevate the amount of care he received, when his condition reasonably

26             required doing so;

Page 18 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
         1983), Wrongful Death, Disability Discrimination, Spoliation

1       j.      Failing to create, enact, and enforce policies to use reasonable care in

2               providing healthcare to Michael Barton while he was under its supervision

3               as an inmate;

4       k.      Failing to hire and train employees to use reasonable care in providing

5               healthcare to Michael Barton while he was under its supervision as an

6               inmate;

7       l.      Failing to provide Mr. Barton with information about access to accessible

8               services or modifications to accessible services.

9       m.     Failing to provide Mr. Barton with a flu vaccine.

10                  **58.**

11      Michael Barton suffered and died as a result of defendant's discriminatory

12 conduct.

13                  **59.**

14      Defendant's conduct was carried out with wanton, conscious, reckless, and

15 outrageous disregard for Mr. Barton's civil rights, mental welfare, and physical welfare.

16                  **60.**

17      Mr. Barton's estate is entitled to compensatory damages in the amount of

18 $10,000,000, as well as attorney fees, expert witness fees and litigation costs pursuant to

19 ORS 20.107.

20             **SEVENTH CLAIM FOR RELIEF**

21                 **(Spoliation)**

22                  **61.**

23      Plaintiff re-alleges paragraphs 1 thru 18 as though fully set forth here.

24                  **62.**

25      Defendant State of Oregon, through the DOC or other departments or agencies,

26 had sole possession of Michael Barton's body, of video footage of Michael Barton, of

Page 19 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
        1983), Wrongful Death, Disability Discrimination, Spoliation

1   his cell and the area near his cell and/or the infirmary, and of other items highly relevant

2   to the present lawsuit.

**63.**

4       Upon information and belief, these defendants initially failed to order an autopsy,

5   disposed of Michael Burton's body, disposed of video footage and photos and discarded

6   documents and evidence related to this lawsuit.

**64.**

8       Litigation was reasonably foreseeable when numerous deficiencies state these

9   defendants initially destroyed, discarded or otherwise failed to preserve important

10  evidence. Indeed, within four days of Michael Barton's death, a DOC internal review

11  found several deficiencies related to his death. Plaintiff should be granted appropriate

12  relief.

13      WHEREFORE, plaintiff prays for the following relief:

14      On the First Claim for Relief, judgment for:

15          a.    Compensatory damage of $10,000,000;

16          b.    Punitive damages of $10,000,000; and

17          c.    Costs and disbursements.

18      On the Second Claim for Relief, judgment for:

19          a.    Compensatory damage of $10,000,000;

20          b.    Punitive damages of $10,000,000; and

21          c.     Costs and disbursements.

22      On the Third Claim for Relief, judgment for:

23          a.    Compensatory damage of $10,000,000;

24          b.    Punitive damages of $10,000,000; and

25          c.    Reasonable costs and attorney fees.

26      On the Fourth Claim for Relief, judgment for:

Page 20 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
        1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1      a.     Compensatory damage of $10,000,000;

2      b.     Punitive damages of $10,000,000; and

3      c.     Reasonable costs and attorney fees.

4   On the Fifth Claim for Relief, judgment for:

5      a.     Compensatory damage of $10,000,000;

6      b.     Punitive damages of $10,000,000; and

7      c.     Reasonable costs and attorney fees.

8   On the Sixth Claim for Relief, judgment for:

9      a.     Compensatory damage of $10,000,000;

10      b.     Punitive damages of $10,000,000; and

11      c.     Reasonable costs and attorney fees.

12   On the Seventh Claim of Relief, judgment for :

13      a.     Appropriate sanctions for spoliation of evidence.

14   DATED this ____ day of January, 2020.

15                  DAWSON LAW GROUP, P.C.

16

17                  Bryan W Dawson, OSB No. 990123

18                  Of Attorneys for Plaintiff
                     Email:  bryan@dawlaw.net

19                  Trial Attorney:  Bryan Dawson

20

21

22

23

24

25

26

Page 21 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephen Brown, as Personal Representative of the Estate of Michael Barton, deceased

**DEFENDANTS**

Department of Corrections, et al.

**(b)** County of Residence of First Listed Plaintiff   Clackamas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Marion
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bryan W. Dawson Dawson Law Group P.C.
5695 Hood St
West Linn, OR 97068

Attorneys *(If Known)*

Andrew Hallman and Nathan Riemersma
Oregon Department of Justice
1162 Court Street NE, Salem, OR 973014096

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Alleged wrongful death claim following death of inmate in ODOC custody.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/18/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Andrew Hallman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____