1

2

3

4

5

6

7         UNITED STATES DISTRICT COURT

8              PORTLAND DIVISION

9

10   STEPHEN BROWN, as Personal              Case No. 3:20-cv-00270-SB
     Representative of the Estate of
11   MICHAEL BARTON, deceased,
                                             FIRST AMENDED COMPLAINT
12                          Plaintiff,
                                             Negligence, Negligence Per Se,
13       vs.                                 Violations of Civil Rights (42 USCA
                                             1983), Wrongful Death, Disability
14   STATE OF OREGON aka OREGON              Discrimination, Spoliation
     DEPARTMENT OF CORRECTIONS;
15   CHRISTOPHER DiGUILIO, M.D.; DAVE        Plaintiff demands trial by jury
     BROWN, R.N.; COLETTE PETERS;            (Not Subject to Mandatory Arbitration)
16   BRANDON KELLY; CARRIE COFFEY,
     R.N.; APRIL STEDRONSKY-SOWARD,          Amount Claimed: $ 20,000,000
17   R.N.; MARIAH MCCULLOUGH, R.N.;
     MARY COREY, R.N.; PAULA YOUNG
18   R.N.; REBECCA GARZA, L.P.N.;
     MARGEUX BOWDEN; RALPH
19   THOMASON; MIKE ANDERSON;
     ARTHUR CRAM; and DOES 1 - 20,
20
                           Defendants.
21

22       Plaintiff, through counsel, alleges as follows:

23               **FACTS COMMON TO ALL CLAIMS**

24                          **1.**

25       Michael Barton died because of the neglect or other misconduct of at lease one

26   of these defendants.

Page 1 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**2.**

Stephen Brown is Michael Barton's brother and has been appointed as personal representative of Michael Brown's estate with full powers.

**3.**

The Oregon State Penitentiary (or "the prison") is located at 2605 State Street in Salem, Oregon.

**4.**

The State of Oregon and Oregon Department Of Corrections (or "DOC") are responsible for the healthcare system at the Oregon State Penitentiary.

**5.**

Defendants Diguilio, Brown, Peters, Kelly, and Coffey and DOES 1-20 are executives, managers, or administrators who determine policy custom, and practice at the prison, including policies that relate to the monitoring and care of inmates; the location of the infirmary; retention of information about reasonably likely legal claims; staffing levels; flu shot administration; training for prison personnel who work with mentally ill inmates; and training for prison personnel for administering CPR to inmates .

**6.**

Defendants Coffey, Stedronsky-Soward, Bailey, McCullough, Corey, Garza, Bowden, Thomason, Anderson, Cram, Young and DOES 1-20 were responsible for monitoring and providing medical care to Michael Barton.

**7.**

DOES 1-20 are entities or individuals that are presently unknown to plaintiff, but that were involved in the medical care or monitoring of Michael Barton, in deciding when he should receive care and/or what kind care he should receive, and/or in establishing policies or in hiring or training practices that led to his death.

Page 2 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

**8.**

These defendants acted under color of state law and deprived Michael Barton of rights secured by the Constitution or by federal statute.

**9.**

Since April 27, 2017, decedent Michael Barton had been an inmate at the Oregon State Penitentiary with a scheduled release date of November 1, 2020.  During his incarceration, Michael Barton was transferred to Intermediate Care Housing  (or "ICH") at the Oregon State Penitentiary due to his having been diagnosed with anxiety, bi-polar disorder, depression, brain injury, confusion, hallucinations, and other mental health conditions.  His mental health conditions caused him to experience difficulty with daily tasks as simple as turning off the water faucet in his cell or opening his unlocked cell door.

**10.**

In January 2018, Michael Barton developed symptoms of an influenza like condition for which he sought medical treatment at the Oregon State Penitentiary. Michael Barton relied on the agents of the State of Oregon, including its guards, doctors, and nurses for his access to care.  He had no freedom to contact providers outside the prison, and little capacity to provide for his own care.  Upon information and belief, Michael Barton did not receive influenza virus inoculations during 2017 or 2018.

**11.**

During January and early February 2018, Michael Barton's symptoms became worse.  His influenza became diffuse pneumonia, and he developed fatigue, weakness, chills, sweats, dizziness, he coughed up sputum, his skin turned grey, and he developed diffuse swelling and discoloration of his entire right arm, shoulder, hand, and other appendages.

Page 3 -    COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

**12.**

As Michael Barton's influenza progressed to diffuse pneumonia, medical personnel at the prison found that his left lung had "significantly diminished lung sounds throughout." He was also noted to have ineffective airway exchange, low blood oxygen levels, and blood pressure 30 - 40 points below baseline. More than a gallon of purulent fluid (a.k.a. pus) was accumulating in his left lung. His desperate requests to be admitted into the infirmary were denied.

**13.**

Michael Barton became too weak to walk, to stand, or to get out of his bed without assistance. He collapsed while prison personnel, including medical professionals, were present. He repeatedly wept and begged prison personnel to be admitted to and treated in the infirmary, but his entreaties were denied and so were the entreaties of others who observed his condition. Michael Barton believed, and told prison personnel, that the water in his prison cell caused him to become dizzy and to suffer other problems. One stated basis for refusing to admit him to the prison infirmary was that he was so ill that he would make other people sick as well. A post-mortem internal investigation by the DOC found that admitting Michael Barton would have allowed monitoring of and intervention for his life-threatening conditions, but that the infirmary at the prison was "extremely ill-constructed for admitting influenza patients…".

**14.**

His weakened condition prevented him from drinking water or other fluids, from eating, and from taking medicine for his mental and physical conditions. Trays of uneaten food accumulated in his cell. Despite knowing of his weakened condition and diagnosed pneumonia, prison personnel failed to enter his cell to take vital signs during days when his health was collapsing and his life was in danger. During this time,

Page 4 -    COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1  prison personnel directed an inmate assistant to desist from trying to help Mr. Barton

2  drink water that he needed to take medications.

**15.**

4  By this time, Michael Barton had developed influenza, pneumonia, and sepsis

5  (or bacterial infection of the blood). Rather than providing emergency treatment for

6  these conditions, prison personnel who knew about Mr. Barton's cognitive limitations

7  interpreted his despair and lifelessness as defiance, and denied him care.

**16.**

9  On February 5, 2018, Michael Barton was transported by emergency medical

10  services to the Salem Health Emergency Department (or "emergency department").

11  Paramedics who treated and transported Michael Barton told hospital personnel that

12  Michael Barton had experienced flu-like symptoms, fatigue, and weakness for the

13  prior three weeks. He had become unconscious and incontinent, which was witnessed

14  by prison staff. According to the paramedics, Mr. Barton "had not received CPR or

15  medication when they arrived." Rescue personnel commented that prison personnel

16  were "very poor historians and struggled conveying any type of accurate time line of

17  events pertaining to current situation."

**17.**

19  When he arrived at the emergency department at or about 9:13 a.m., Michael

20  Barton was barely alive. He had "bilateral breath sounds, diminished on the left", and

21  was diagnosed with conditions including cardiac arrest, septic shock, acute kidney

22  failure, poor neurological function, mottled color of his left leg down to his toes, and

23  deep vein thrombosis. An x-ray showed a "complete white out" of his left lung and the

24  surrounding area, which indicated a "large volume pleural effusion with left to right

25  shift of the midline structures." A chest tube was placed and the surgical incision

26  resulted in the drainage of "copious purulent fluid," ultimately more than a gallon.

Page 5 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
1983), Wrongful Death, Disability Discrimination, Spoliation

1

**18.**

2       On February 6, 2018, Michael Barton was extubated and pronounced dead at

3  7:31 p.m.  He was 54 years old. His cause of death was determined to be influenza B,

4  leading to pneumonia, leading to staff infection, leading to sepsis, leading to severe

5  septic shock, leading to cardiac arrest, leading to anorexic brain and multisystem

6  injury, leading to multisystem failure with severe anorexic brain injury.

7  ////

8                                        **19.**

9       A "Death Report" by the DOC was completed by February 9, 2018 and a

10  "Mortality Case Review" was completed on February 7, 2018. The report concluded

11  that (a) Michael Barton repeatedly had abnormal vital signs after the diagnoses of

12  pneumonia; (b) "more and earlier intervention on multiple visits with multiple staff"

13  may have saved Michael Barton's life; (c) orthostatic vital signs were never taken; (d)

14  Michael Barton's inability to get up from his bed was misinterpreted as a refusal to get

15  up; (e) Michael Barton's mental illness may have confused or distracted his care

16  providers; (f) prison personnel did not enter the cell for three days to evaluate Michael

17  Barton or to take his vital signs; (g) the infirmary was extremely ill-constructed for

18  admitting influenza patients ; (h) "system failure" led prison personnel to experience

19  mental fatigue and numbing and throughly compromised the care of inmates.

20                                        **20.**

21       Based on information and belief, no autopsy was performed on Michael Barton,

22  and no effort was made to inform the personal representative of the cause of death.

23                                        **21.**

24       In the days following Michael Barton's death, Stephen Brown was informed

25  that his brother's cause of death was a heart attack. In about July 2019, Stephen Brown

26  was contacted by Disability Rights of Oregon from whom he learned the true cause of

Page 6 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
         1983), Wrongful Death, Disability Discrimination, Spoliation

1  death and the misconduct that led to his brother's death. Attached hereto as Exhibit A

2  is a copy of the independent investigation report.

3                                              **22.**

4          On August 7, 2019, counsel for Stephen Brown sent notice of the claim to the

5  Oregon Department of Administrative Services and received a responsive letter on

6  August 12, 2019. Attached hereto as Exhibit B and C are copies of those letters.

7

8                                              **23.**

9          The notice of claim was timely and complied with ORS 30. 275 (2)(a). See

10  *Stephens v. Bohlman*, 314 OR 344, 838 P2d 600 (1992).

11                              **FIRST CLAIM FOR RELIEF**

12                              **(Negligence – wrongful death)**

13                                             **24.**

14          Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth here.

15                                             **25.**

16          Defendants, while acting within the course and scope of their duties within the

17  Oregon Department of Corrections, were negligent in one or more of the following

18  particulars:

19          a.  Failing to use reasonable care to provide Michael Barton healthcare while he

20              was under their supervision as an inmate;

21          b.  Failing to provide prompt medical attention to Michael Barton's serious

22              medical needs;

23          c.  Failing to monitor whether that prescribed medications were being

24              successfully administered or, in the alternative, failing to administer

25              prescribed medications by alternative methods such as by IV;

26          d.  Failing to take reasonable preventative measures to address Michael

Page 7 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

1    Barton's illnesses and death;

2    e.  Failing to provide appropriate staff responses to Michael Barton's

3        conditions;

4    f.  Failing to provide appropriate housing and care for Michael Barton;

5    g.  Failing to timely diagnose Michael Barton's illnesses;

6    h.  Failing to accurately diagnose Michael Barton's illnesses;

7    i.  Failing to take orthostatic vital signs;

8    j.  Failing to react reasonably to Michael Barton's abnormal vital signs;

9    k.  Providing a prison infirmary extremely ill-constructed for monitoring and

10       treating inmates with influenza, pneumonia, and sepsis;

11   l.  Given the inadequacy of the infirmary, in failing either to heighten in-cell

12       monitoring and care for Mr. Barton or to refer him for treatment at another

13       facility;

14   m.  Failing to admit Michael Barton into the prison infirmary or to otherwise

15       elevate the amount of care he received, when his condition reasonably

16       required doing so;

17   n.  Failing to commence CPR while Michael Barton was in cardiac arrest;

18   o.  Failing to sustain CPR while Michael Barton was in cardiac arrest;

19   p.  Failing to administer AED shocks while Michael Barton was in cardiac

20       arrest;

21   q.  Failing to accurately convey Michael Barton's medical condition and the

22       treatment he had received before EMS arrived to paramedics;

23   r.  Failing to provide reasonable staffing levels to prevent staff fatigue and

24       numbing;

25   s.  Failing to create, enact, and enforce policies to use reasonable care in

26       providing healthcare to Michael Barton while he was under their supervision

Page 8 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1   as an inmate;

2   t.  Failing to hire and train employees to use reasonable care in providing

3       healthcare to Michael Barton while he was under their supervision as an

4       inmate;

5   u.  Failing to provide reasonable training and/or supervision for dealing with

6       inmates with significant mental conditions; and

7   v.  Failing to provide Michael Barton with influenza virus inoculation.

8                                   **26.**

9   As result of defendant's negligence, Michael Barton suffered serious prolonged

10  injury and death. Michael Barton's serious injury and death were a reasonably

11  foreseeable result of defendant's negligence. As compensation for Michael Barton's

12  suffering and death, plaintiff should recover an amount for non-economic damages to

13  be decided by the jury not to exceed $10,000,000, and economic damages not to

14  exceed $300,000.

15                                  **27.**

16  Further, defendants acted with reckless and outrageous indifference to a highly

17  unreasonable risk of harm and acted with conscious indifference to the health, safety

18  and welfare of others. Plaintiff should recover an amount for punitive damages to be

19  decided by a jury not to exceed $10,000,000.

20                      **SECOND CLAIM FOR RELIEF**

21                           **(Negligence Per Se)**

22                                  **28.**

23  Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth here.

24                                  **29.**

25  The prison was and is governed by federal and state statutes and administrative

26  rules. Oregon administrative rules require prisons to develop policies for the

Page 9 -   COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
           1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1    organization and coordination of healthcare for their inmates.

2                                      **30.**

3    The Department of Corrections violated the following administrative rules:

4    a.        Oregon Administrative Rule 291-24-016 (1)(a);

5    b.        Oregon Administrative Rule 291-24-016 (1)(b);

6    c.        Oregon Administrative Rule 839-006-0291;

7    d.        Oregon Administrative Rule 839-006-0270;

8    Michael Barton was within the class of persons intended to be protected by the

9    above-cited provisions. In suffering prolonged influenza, pneumonia, sepsis, renal

10   failure, and death, Michael Barton suffered the kind of harm that the above-cited

11   provisions were intended to prevent.

12                                     **31.**

13   As result of defendants' violation of these rules, Michael Barton suffered serious

14   injury and death. Michael Barton's serious injury and death were a reasonably

15   foreseeable result of defendant's negligence. As compensation for Michael Barton's

16   suffering and death, plaintiff should recover an amount for non-economic damages to

17   be decided by the jury not to exceed $10,000,000, and economic damages not to

18   exceed $300,000.

19                                     **32.**

20   Further, defendants acted with reckless and outrageous indifference to a highly

21   unreasonable risk of harm and acted with conscious indifference to the health, safety

22   and welfare of others. Plaintiff should recover an amount for punitive damages to be

23   decided by a jury not to exceed $10,000,000.

24                          **THIRD CLAIM FOR RELIEF**

25   **(Civil Rights- 8th Amendment, 14th Amendment and 42 USC 1983-Wrongful Death)**

26                                     **33.**

Page 10 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
      1983), Wrongful Death, Disability Discrimination, Spoliation

1      Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth here.

2      **34.**

3      Defendants were deliberately indifferent to Michael Barton's rights under the 8th and 14th amendments of the U.S. Constitution. Defendants knew that Mr. Barton relied on them for his access to vitally needed medical treatment. Defendants further knew that Mr. Barton had been diagnosed as delusional, as having hallucinations and other cognitive and mental health conditions. Finally, defendants knew that Mr. Barton had been diagnosed with influenza and pneumonia, and that he had the abnormal vital signs and symptoms for septic shock and kidney failure. Despite this, defendants refused to provide adequate medical care to address these conditions and to prevent his death.

12      **35.**

13      Specifically, despite having such knowledge, defendants were deliberately indifferent to Michael Barton's serious illness in the following particulars:

    a. Failing to use reasonable care to provide Michael Barton healthcare while he was under their supervision as an inmate;

    b. Failing to provide prompt medical attention to Michael Barton's serious medical needs;

    c. Failing to determine that prescribed medications were being successfully administered or, in the alternative, failing to administer prescribed medications by alternative methods such as by IV;

    d. Failing to take reasonable preventative measures to address Michael Barton's illnesses and death;

    e. Failing to provide appropriate staff responses to Michael Barton's conditions;

    f. Failing to provide appropriate housing and care for Michael Barton;

Page 11 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

g. Failing to timely diagnose Michael Barton's illnesses;

h. Failing to accurately diagnose Michael Barton's illnesses;

i. Failing to take orthostatic vital signs;

j. Failing to react reasonably to Michael Barton's abnormal vital signs;

k. Providing a prison infirmary extremely ill-constructed for monitoring and treating inmates with influenza, pneumonia, and sepsis;

l. Given the inadequacy of the infirmary, in failing either to heighten in-cell monitoring and care for Mr. Barton or to refer him for treatment at another facility;

m. Failing to admit Michael Barton into the prison infirmary or to otherwise elevate the amount of care he received, when his condition reasonably required doing so;

n. Failing to commence CPR while Michael Barton was in cardiac arrest;

o. Failing to sustain CPR while Michael Barton was in cardiac arrest;

p. Failing to administer AED shocks while Michael Barton was in cardiac arrest;

q. in failing to accurately convey Michael Barton's medical condition and the treatment he had received before EMS arrived to paramedics;

r. Failing to provide reasonable staffing levels to prevent staff fatigue and numbing;

s. Failing to create, enact, and enforce policies to use reasonable care in providing healthcare to Michael Barton while he was under their supervision as an inmate;

t. Failing to hire and train employees to use reasonable care in providing healthcare to Michael Barton while he was under their supervision as an inmate;

Page 12 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

u. Failing to provide reasonable training and/or supervision for dealing with inmates with significant mental conditions; and

v. Failing to provide Michael Barton with influenza virus inoculation.

**36.**

Defendants' acts and omissions, as set forth above, were the real and proximate cause of Michael Barton suffering a prolonged and intense illness, and of his death. His influenza and pneumonia were treatable with consistent use of medications and with other care. Without such care, his deteriorating condition and death were reasonably foreseeable to defendants. Michael Barton's estate is entitled to $10,300,000 to compensate for his suffering and death.

**37.**

Defendants also acted with reckless and outrageous indifference to a highly unreasonable risk and acted with conscious indifference to Mr. Barton's health, safety and welfare. As a result, Michael Barton's estate is entitled to punitive damages of $10,000,000.

**38.**

Plaintiff is also entitled to recover his costs and reasonable attorney fees.

**FOURTH CLAIM FOR RELIEF**

**(Civil Rights- 8th Amendment, 14th Amendment and 42 USC 1983-Wrongful Death -Supervisor Claims)**

**39.**

Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth here.

**40.**

Defendants State of Oregon, Oregon Department of Corrections, DiGuilo, Brown, Peters, Kelly, Coffey, Bowden and Does 1-20 (or "supervisor defendants") made policy for, managed, and/or supervised personnel who were involved in the monitoring

Page 13 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1   and treatment of Michael Barton. Michael Barton was deprived of his legal rights as

2   alleged herein due to the policies, customs, or practices established or sustained by

3   these defendants.

**41.**

5       The supervisor defendants were aware of such conditions as the inadequate prison

6   infirmary, and were responsible for hiring and training employees to use reasonable

7   care in providing healthcare to Michael Barton. The supervisor defendants knew or

8   should have known that failure to hire and train employees to use reasonable care in

9   providing healthcare to Michael Barton would cause his serious injury or death.

10   Despite this knowledge, the supervisor defendants engaged in acts and omissions

11   based on deliberate indifference in one or more of the following respects:

12       a.    Failing to use reasonable care in providing Michael Barton healthcare

13           while he was under their supervision as an inmate;

14       b.    Failing to provide adequate facilities, including an infirmary that was not

15           "extremely inadequate" for the monitoring and care of Michael Barton as

16           an inmate;

17       c.    Failing to create, enact, and enforce policies to use reasonable care in

18           providing healthcare to Michael Barton while he was under their

19           supervision as an inmate;

20       d.    Failing to hire and train employees or contractors to use reasonable care

21           in providing healthcare to Michael Barton while he was under their

22           supervision as an inmate;

23       e.    Failing to hire and train employees or contractors to recognize medical

24           emergencies;

25       f.    Failing to obtain a medical examination by a trained physician to

26           evaluate Michael Barton's serious illness;

Page 14 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

g.    Failing to establish policies so that seriously ill inmates would be admitted to the infirmary;

h.    Failing to establish policies so that seriously ill inmates with mental health issues are provided with reasonable help to take their medications for their mental and physical health; and

i.    Failing to establish policies so that Michael Barton would receive the vaccine.

**42.**

The supervisor defendants were aware that failure to hire, train and to establish reasonable policies as set forth above created a substantial risk of harm to Michael Barton and other inmates.

**43.**

As a result Michael Barton's estate is entitled to $10,300,000 in compensatory damages.

**44.**

The supervisor defendants also acted with reckless and outrageous indifference to a highly unreasonable risk and acted with conscious indifference to Mr. Barton's health, safety and welfare. As a result, Michael Barton's estate is entitled to punitive damages of $10,000,000.

**45.**

Plaintiff is entitled to recover his costs and attorney fees.

**FIFTH CLAIM FOR RELIEF**

**(Disability Discrimination- 42 U.S.C. §12131-12134 et seq. and 29 U.S.C. § 794**

**Section 504 of the Rehabilitation Act)**

**46.**

Page 15 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1    Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth here.

2    **47.**

3    Plaintiff brings this claim to enforce Title II of the Americans with Disabilities

4    Act of 1990, as amended ("Title II" and "ADA"), 42 U.S.C. §§ 12131-12134; Section

5    504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and their

6    implementing regulations, 28 C.F.R Parts 35 and 42.

7    **48.**

8    The Oregon Department of Corrections, their agents, subcontractors, and

9    independent contractors, are public entities as that term is defined under 42 U.S.C. §

10    12131(1) and are subject to Section 504 of the Rehabilitation Act.

11    **49.**

12    Michael Barton was a disabled individual under the care of the Oregon

13    Department of Corrections.

14    **50.**

15    Michael Barton sought and was denied reasonable medical care to Oregon

16    Department of Corrections policies, practices and procedures.

17    **51.**

18    Defendant Oregon Department of Corrections did not provided proper medical

19    care to Michael Barton.

20    **52.**

21    Defendant Oregon Department of Corrections violated 42 U.S.C. §§ 12132;

22    Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and its

23    implementing regulations by committing the following discriminatory acts or practices:

24        a.    Failing to use reasonable care to provide Michael Barton healthcare while he

25                was under its supervision as an inmate;

26        b.    Failing to provide reasonable modifications of the department's policies,

Page 16 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
    1983), Wrongful Death, Disability Discrimination, Spoliation

1      practices or procedures in order to properly care for Mr. Barton;

2   c.   Failing to monitor whether that prescribed medications were being

3        successfully administered or, in the alternative, failing to administer

4        prescribed medications by alternative methods such as by IV;

5   d.   Failing to take reasonable preventative measures to address Michael Barton's

6        illnesses and death;

7   e.   Failing either to heighten in-cell monitoring and care for Mr. Barton or to

8        refer him for treatment at another facility;

9   f.   Failing to provide appropriate staff responses to Michael Barton's

10       conditions;

11  g.   Failing to provide appropriate housing and care for Michael Barton;

12  h.   Providing a prison infirmary extremely ill-constructed for monitoring and

13       treating inmates with influenza, pneumonia, and sepsis;

14  i.   Failing to admit Michael Barton into the prison infirmary or to otherwise

15       elevate the amount of care he received, when his condition reasonably

16       required doing so;

17  j.   Failing to create, enact, and enforce policies to use reasonable care in

18       providing healthcare to Michael Barton while he was under its supervision

19       as an inmate;

20  k.   Failing to hire and train employees to use reasonable care in providing

21       healthcare to Michael Barton while he was under its supervision as an

22       inmate;

23  l.   Failing to provide Mr. Barton with information about access to accessible

24       services or modifications to accessible services; and

25  m.   Failing to provide Mr. Barton with the flu vaccine.

26

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

**53.**

Michael Barton suffered and died as a result of defendant's discriminatory conduct.

**54.**

Defendant's conduct was carried out with wanton, conscious, reckless, and outrageous disregard for Mr. Barton's civil rights, mental welfare, and physical welfare.

**55.**

Mr. Barton's estate is entitled to compensatory damages in the amount of $10,300,000, $10,000,000 in punitive damages as well as attorney fees and litigation costs pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 35.175.

**SIXTH CLAIM FOR RELIEF**

**(Disability Discrimination- ORS 659A.142)**

**56.**

Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth here.

**57.**

Mr. Barton had a mental impairment that substantially limited one or more of his major life activities.

**58.**

The Oregon Department of Corrections, their agents, subcontractors, and independent contractors, are public entities as that term in defined under ORS 659.142A(1) and ORS 174.111.

**59.**

Michael Barton was a disabled individual under the care of the Oregon Department of Corrections.

**60.**

Michael Barton sought and was denied reasonable medical care to Oregon

Page 18 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1  Department of Corrections policies, practices and procedures.

2  **61.**

3  Defendant Oregon Department of Corrections did not provide proper medical

4  care to Michael Barton.

5  **62.**

6  Defendant DOC violated ORS 659A.142, OAR 291-24-016 (1)(a), OAR 291-24-

7  016 (1)(b), OAR 839-006-0291, and OAR 839-006-0270 in the following ways:

8      a.  Failing to use reasonable care to provide Michael Barton healthcare while

9          he was under its supervision as an inmate;

10      b.  Failing to provide reasonable modifications of the department's policies,

11          practices or procedures in order to properly care for Mr. Barton;

12      c.  Failing to determine that prescribed medications were being successfully

13          administered or, in the alternative, failing to administer prescribed

14          medications by alternative methods such as by IV;

15      d.  Failing to take reasonable preventative measures to address Michael

16          Barton's illnesses and death;

17      e.  Failing either to heighten in-cell monitoring and care for Mr. Barton or to

18          refer him for treatment at another facility;

19      f.  Failing to provide appropriate staff responses to Michael Barton's

20          conditions;

21      g.  Failing to provide appropriate housing and care for Michael Barton;

22      h.  Providing a prison infirmary extremely ill-constructed for monitoring and

23          treating inmates with influenza, pneumonia, and sepsis;

24      i.  Failing to admit Michael Barton into the prison infirmary or to otherwise

25          elevate the amount of care he received, when his condition reasonably

26          required doing so;

Page 19 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA 1983), Wrongful Death, Disability Discrimination, Spoliation

1    j.    Failing to create, enact, and enforce policies to use reasonable care in
2          providing healthcare to Michael Barton while he was under its supervision
3          as an inmate;

4    k.    Failing to hire and train employees to use reasonable care in providing
5          healthcare to Michael Barton while he was under its supervision as an
6          inmate;

7    l.    Failing to provide Mr. Barton with information about access to accessible
8          services or modifications to accessible services.

9    m.    Failing to provide Mr. Barton with a flu vaccine.

10                                    **63.**

11    Michael Barton suffered and died as a result of defendant's discriminatory
12  conduct.

13                                    **64.**

14    Defendant's conduct was carried out with wanton, conscious, reckless, and
15  outrageous disregard for Mr. Barton's civil rights, mental welfare, and physical welfare.

16                                    **65.**

17    Mr. Barton's estate is entitled to compensatory damages in the amount of $10,3
18  00,000, punitive damages of $10,000,00 as well as attorney fees, expert witness fees
19  and litigation costs pursuant to ORS 20.107.

20                          **SEVENTH CLAIM FOR RELIEF**

21                                **(Spoliation)**

22                                    **66.**

23    Plaintiff re-alleges paragraphs 1 thru 23 as though fully set forth here.

24                                    **67.**

25    Defendant State of Oregon, through the DOC or other departments or agencies,
26  had sole possession of Michael Barton's body, of video footage of Michael Barton, of

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1   his cell and the area near his cell and/or the infirmary, and of other items highly relevant
2   to the present lawsuit.

**68.**

4        Upon information and belief, these defendants initially failed to order an autopsy,
5   disposed of Michael Burton's body, disposed of video footage and photos and discarded
6   documents and evidence related to this lawsuit.

**69.**

8        Litigation was reasonably foreseeable when numerous deficiencies state these
9   defendants initially destroyed, discarded or otherwise failed to preserve important
10  evidence. Indeed, within four days of Michael Barton's death, a DOC internal review
11  found several deficiencies related to his death. Plaintiff should be granted appropriate
12  relief.

13       WHEREFORE, plaintiff prays for the following relief:

14       On the First Claim for Relief, judgment for:

15            a.    Compensatory damage of $10,300,000;

16            b.    Punitive damages of $10,000,000; and

17            c.    Costs and disbursements.

18       On the Second Claim for Relief, judgment for:

19            a.    Compensatory damage of $10,300,000;

20            b.    Punitive damages of $10,000,000; and

21            c.    Costs and disbursements.

22       On the Third Claim for Relief, judgment for:

23            a.    Compensatory damage of $10,300,000;

24            b.    Punitive damages of $10,000,000; and

25            c.    Reasonable costs and attorney fees.

26       On the Fourth Claim for Relief, judgment for:

Page 21 - COMPLAINT- Negligence, Negligence *Per Se*, Violations of Civil Rights (42 USCA
       1983), Wrongful Death, Disability Discrimination, Spoliation

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109

1        a.        Compensatory damage of $10,300,000;

2        b.        Punitive damages of $10,000,000; and

3        c.        Reasonable costs and attorney fees.

4    On the Fifth Claim for Relief, judgment for:

5        a.        Compensatory damage of $10,300,000;

6        b.        Punitive damages of $10,000,000; and

7        c.        Reasonable costs and attorney fees.

8    On the Sixth Claim for Relief, judgment for:

9        a.        Compensatory damage of $10,300,000;

10        b.        Punitive damages of $10,000,000; and

11        c.        Reasonable costs and attorney fees.

12    On the Seventh Claim of Relief, judgment for :

13        a.        Appropriate sanctions for spoliation of evidence.

14    DATED this _2 0_ day of March, 2020.

15                DAWSON LAW GROUP, P.C.

17                Bryan W Dawson, OSB No. 990123
18                Of Attorneys for Plaintiff
                    Email:  bryan@dawlaw.net

19                Trial Attorney:  Bryan Dawson

20

21

22

23

24

25

26

**DAWSON LAW GROUP, P.C.**
5695 Hood Street, West Linn, Oregon 97068
Telephone (503) 656-0400 ● Fax (503) 656-2109